## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | |
|---|---|
| STEPHEN BENAVIDES § | |
| § | |
| v. § | CIVIL ACTION NO: 4:21-cv-1289 |
| § | JURY TRIAL |
| HARRIS COUNTY, TEXAS; § | |
| and DEPUTY J. NUNEZ, *Individually* § | |

### PLAINTIFF'S ORIGINAL COMPLAINT

**TO THE HONORABLE JUDGE OF SAID COURT:**

NOW COME Plaintiff, Stephen Benavides, filing this, his *Plaintiff's Original Complaint*, and bringing this action against Harris County, Texas, and Deputy Nunez*, Individually,* as said Defendants, jointly and severally, have denied Plaintiff his rights guaranteed by the Constitution and laws of the United States of America and the State of Texas.

### JURISDICTION AND VENUE

1.   This court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 (federal question) and 28 U.S.C. § 1343(3) (civil rights). This court also has supplemental jurisdiction pursuant to 28 U.S.C.S. § 1367 to hear the state claims that will be set forth in this complaint. Venue is proper in the Southern District of Texas, Houston Division, as this is the district where the claim arose in accordance to 29 U.S.C.§ 1391(b).

### PARTIES

2.   Plaintiff, Stephen Benavides (hereinafter occasionally referred to as "Mr. Benavides"), who brings this suit on his own behalf, is a resident of Harris County, Texas.

3.   Defendant Harris County, Texas (hereinafter "County"), is a political subdivision of the State of Texas and can be served with summons upon Harris County Judge Lina Hidalgo, 1001 Preston, Suite 911, Houston, Texas 77002.

4. Defendant Deputy J. Nunez (hereinafter "Nunez") was, at all times material to this suit, an officer employed by the Harris County Sheriff's Department (hereinafter "Department"). Each of the acts complained of herein arises from the conduct of Nunez while acting under color of state law, and was committed within the scope of his employment and authority with the Department. Defendant may be served with summons at his place of employment, HARRIS COUNTY SHERIFF'S DEPARTMENT, 1200 Baker Street, Houston, Texas 77002.

## FACTS

5. Whenever, in this complaint it is alleged that any Defendant did any act, thing, and/or omission, it is meant that Defendant and/or Defendant's officers, agents, servants, employees or representatives did such act, thing and/or omission and that at the time it was done with full authorization and/or ratification of Defendant.

6. On or about December 26, 2019, Mr. Benavides received a call from his daughter concerning what she believed was a possible intruder in the downstairs area of her home where she was alone with her children. Immediately, Mr. Benavides told his daughter to call 911 (which she did, informing them of the issue and that her father was on his way as well) and left to confront the situation and/or help the police.

7. When he arrived at his daughter's home with one of his sons, Mr. Benavides searched/secured the home with his dogs and found nothing of concern. Believing everything was fine, he went to the front door so that he could smoke a cigarette outside while waiting for the police to arrive. As soon as he opened the door, Mr. Benavides could see an officer through the crack and immediately started raising his hands in the air. Almost instantaneously, Nunez (who had never announced his presence or anything else) fired at Mr. Benavides, striking him in the leg.

8. After falling to the ground, Mr. Benavides watched as Nunez and other officers entered the home and pointing their weapons at his wife, his kids and grandkids – the whole time the officers are yelling "shut the fuck up" at them and more.  As a result of him being shot, Mr. Benavides was hospitalized, operated on and has been suffering from both physical and emotional injuries.

### FIRST CLAIM FOR RELIEF - - §1983

9. The allegations contained in Paragraphs 5 thru 8 are herein incorporated by reference, the same as if fully set forth verbatim for any and all purposes of this pleading.

10. The Civil Rights of 1871, now codified as 42 U.S.C.S. §1983 as federal law provides: "Every person who, under color of any statute, ordinance, regulation, custom or usage, of any state or territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or any other person within the jurisdiction thereof to the deprivation of any laws, privileges or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress."   42 U.S.C.S. §1983.

11. The state action requirement for standing under 42 U.S.C.S. §1983 has more commonly been referred to as "color of state law," from the statute itself.  Plaintiff is informed and believes, and thereupon alleges that in committing said acts and/or omissions, each Defendant was the agent and employee of each other Defendant and was acting within such agency and employment and that each Defendant was acting under color of state law.

12. 42 U.S.C.S. §1983 requires that the conduct complained of must have deprived the person of some privilege or immunity secured by the Constitution or laws of the United States.  As such, Plaintiff alleges that Defendants, jointly and/or severally deprived Plaintiff of his Fourth Amendment rights and those rights, privileges, and immunities secured by the Fifth and

Eighth Amendments to the Constitution incorporated and applied to the states through the Fourteenth Amendment. Defendants violated this provision by the following actions and/or omissions, *inter alia*:

   a) by detaining Plaintiff in violation of his Fourth Amendment expectation of privacy and guarantee to security from unreasonable search and seizure without reasonable suspicion and/or probable cause;

   b) by using excessive force and/or deadly force in the course of Defendants' attempted custody of Plaintiff, in violation of the Fourth Amendment and its "reasonableness" standard; and

   c) by failing to provide supervision and/or proper training, where the necessity of same was necessary, required by law, and/or needed.

13. Defendants' actions and/or omissions were not "objectively reasonable" in light of the facts and circumstances confronting them without regard to their underlying intent or motivation. Clearly, careful attention to the facts and circumstances of this particular case demonstrates the unreasonableness of Defendants' actions. In light of the fact that Plaintiff posed no threat, was not resistant and/or merely opening the door, it is initially absurd that Defendants would deem force (much less the use of a deadly weapon such as a gun) was warranted and/or required. For these and other reasons, it was objectively unreasonable for Defendants to shoot Plaintiff.

14. **§ 1983 - Excessive Force.** Plaintiff pleads that Defendants used excessive force and/or deadly force in the course of the officer's supposed arrest, and/or investigatory stop, and/or other "seizure" of a free citizen, such as Plaintiff, in violation of the Fourth Amendment and its "reasonableness" standard. Plaintiff therefore pleads that he was unlawfully assaulted when he was shot by Nunez. Said actions resulted directly and only from the use of force that was clearly excessive to the need, and the excessiveness of which was objectively unreasonable.

15. Under §1983, Defendant County is also liable for failing to supervise and/or failing to train, and/or acquiescence in unconstitutional behavior by subordinates. First, Defendant County

failed to properly train and failed to properly supervise its officers. Defendant County is liable under §1983, as there is a causal connection between Defendant William's actions and/or omissions and the alleged constitutional violations, as outlined throughout this entire pleading. In addition, Defendant County did not discipline Defendant Nunez for his conduct, thereby sanctioning his actions, amounting to a departmental policy that violated Plaintiff's civil rights. Defendant County's failure to supervise or train amounted to gross negligence or deliberate indifference.

16. It is also well-established that municipalities are liable under 42 U.S.C.S. §1983 for constitutional torts that are in-compliance with their customs, practices, policies or procedures. A municipality is liable for constitutional deprivations visited pursuant to governmental custom even though such custom has not received formal approval through the body's official decision-making channels. In this case, Defendant County is liable because it sanctioned the custom, practice and/or policy or procedures of, *inter alia*, 1) using excessive, and oftentimes deadly force, to effectuate what are otherwise routine arrests, 2) using deadly force when such is not necessary and/or allowable, 3) ignoring the serious need for training and supervision of their officers in regards to the use of force, 4) failing to discipline those persons whom are found to have engaged in the use of excessive force upon those entrusted to their care and/or under their control, 5) failing to adequately supervise and/or observe their employees and/or officers including reservist, 6) failing to provide adequate training in regard to the availability of alternative means of detaining persons apart from the use of force and/or deadly force, and 7) failing to impose proper and sufficient policies and/or procedures as to the use of force and/or the treatment of the mentally ill and/or their requiring of medical attention. Such policy and/or customs were the "moving force" behind the constitutional violation (excessive force) exacted upon Plaintiff and was the "cause in fact" of his injuries.

17.   The actions and/or inaction taken in this case was uncalled for and taken pursuant to the customary practices and/or policies or procedures that were sanctioned by Defendant County. Liability for Defendant County is established under §1983 because the "turn a blind eye" approach to the use of excessive force is a persistent, widespread practice of the County employees -- namely police officers -- that, although not authorized by officially adopted policy, is so common and well settled as to constitute a custom that fairly represents official policy. Defendant County had actual or constructive knowledge of each practice, custom, and/or policy or procedure and numerous prior incidents of such conduct and/or inaction as to establish accession to that custom by the policy makers. Defendant County's unspoken policies above reflect a decision that shows deliberate indifference to the risk that a violation of a particular constitutional or statutory right will follow the decision. In the alternative, Defendant County is liable under §1983 for failing to adopt clear policies outlining the criteria for determining the need for, the availability of and/or the means by which to use force.

18.   Moreover, Defendant County is liable for the inadequate training of their officers under §1983. Liability attaches to Defendant County because its failure to train amounts to deliberate indifference to the rights of the persons with whom officers come in contact.

19.   Plaintiff further alleges that Defendants, jointly and/or severally have violated his Fourth Amendment rights when he was unreasonably and unlawfully detained.

**SECOND CLAIM FOR RELIEF - - Alternative Claim under Texas Tort Claims Act**

20.   The allegations contained in Paragraphs 5 thru 8 are herein incorporated by reference, the same as if fully set forth verbatim for any and all purposes of this pleading.

21.   As an alternative pleading, Plaintiff is entitled to recover damages in compensation for the bullet that entered his body, pursuant to the Texas Tort Claims Act (hereinafter "TTCA") of the Texas Civil Practice & Remedies Code §101.021.

22. The shooting of Plaintiff was brought about and caused to occur, directly and proximately, by the negligence of Defendant Nunez. Plaintiff hereby elects, pursuant to the TTCA, to proceed solely against Defendant County in regards to this negligence claim. Such liability (based on the actions and/or inactions of Defendant Nunez) of Defendant County is both direct and vicarious.

23. Pursuant to the Texas Tort Claims Act, Defendants had actual notice of the events forming the basis of this claim within the six-month period following the unlawful shooting of Plaintiff.

## **DAMAGES**

24. As a result of the foregoing unlawful and wrongful acts of Defendants, jointly and severally, Plaintiff has been caused to suffer general damages which include, but are not limited to, the following: both physical and emotional injury, pain and suffering, and emotional and mental distress, and shock, along with severe emotional distress, associated with his shooting.

25. Said injuries have caused Plaintiff to incur special damages which include but are not limited to:

   a. Reasonable medical care and expenses in the past. These expenses were incurred by Plaintiff for the necessary care and treatment of the injuries resulting from the incident complained of herein and such charges are reasonable and were usual and customary charges for such services in Harris County, Texas;
   b. Reasonable and necessary medical care and expenses which will in all reasonable probability be incurred in the future;
   c. Physical pain and suffering in the past;
   d. Physical pain and suffering in the future;
   e. Mental anguish in the past;
   f. Mental anguish in the future;
   g. Physical impairment in the past;
   h. Physical impairment which, in all reasonable probability, will be suffered in the future;
   i. Disfigurement in the past;
   j. Disfigurement in the future;
   k. Loss of body capacity;
   l. Loss of mental and intellectual function;
   m. Loss of spousal/parental/filial consortium in the past;
   n. Loss of spousal/parental/filial consortium in the future;

      o.      Loss of earnings in the past; and
      p.      Loss of earning capacity in the future.

26.    Pursuant to the Civil Rights Attorney's Fees Award Act, 42 U.S.C.S. §1988, a prevailing party in a §1983 case is entitled to recover its attorney's fees. Hence, Plaintiff further prays for all costs and attorney fees associated with bringing the present case to trial.

27.    In addition, Plaintiff prays for punitive damages against the individual defendant named herein. Punitive damages are designed to punish and deter persons such as Defendant Nunez who has engaged in egregious wrongdoing. Punitive damages may be assessed under §1983 when the defendant's conduct is shown to be motivated by evil motive or intent, or when it involves reckless or callous indifference to the federally protected rights of others.

**WHEREFORE PREMISES CONSIDERED**, Plaintiff prays that upon trial upon the merits, Plaintiff recover compensatory damages against Defendants, jointly and severally; that Plaintiff also recover punitive damages against Defendant Nunez in an amount to punish and/or deter and to make an example of that Defendant in order to prevent similar future conduct; and that Plaintiff recover against each Defendant all reasonable and necessary attorney's fees, court costs and expenses in regards to the present suit in litigation. Moreover, Plaintiff prays for all pre-judgment and post-judgment interest that can be assessed against the Defendants in the event of recovery; and that Plaintiff recover against each Defendant any and all other general or specific relief to which he may prove himself justly entitled.

                                      Respectfully submitted,

                                      GALE LAW GROUP, PLLC
                                      711 N. Carancahua St., Suite 514
                                      Corpus Christi, Texas 78401
                                      Mailing Address:
                                      P.O. Box 2591
                                      Corpus Christi, Texas 78403
                                      Telephone: (361)808-4444
                                      Telecopier: (361)232-4139

By: /s/ *Christopher J. Gale*
Christopher J. Gale
Southern District Bar No. 27257
Texas Bar No. 00793766
Email: Chris@GaleLawGroup.com
*Attorney-In-Charge for Plaintiff*

By: /s/ *Amie Augenstein*
Amie Augenstein
Southern District Bar No. 2236723
Texas Bar No: 24085184
Email: Amie@GaleLawGroup.com
*Attorney for Plaintiff*

CACTUS LAW OFFICE, PLLC
606 N. Carancahua, Suite 807
Corpus Christi, Texas 78401
Telephone: (361)779-6036
Telecopier: (361) 271-1414

By: /s/ *Scott F. C. Lemanski*
Scott F. C. Lemanski
Southern District Bar No. 576964
Texas Bar No: 24041325
Email: info@gocactuslaw.com
*Attorney for Plaintiff*

**Demand for Jury Trial**

Plaintiff hereby demands trial by jury pursuant to Fed.R.Civ.P. 38(b).